DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
DAVID ALMELING (S.B. #235449)
dalmeling@omm.com
MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
MARK LIANG (S.B. #278487)
mliang@omm.com
BILL TRAC (S.B. #281437)
btrac@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Tel: (415) 984-8700  Fax: (415) 984-8701

Attorneys for Defendant
GOOGLE LLC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| HYPERMEDIA NAVIGATION LLC, | Case No. 4:18-cv-06137-HSG |
| Plaintiff, | **GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | Date:      April 11, 2019<br>Time:     2:00 p.m.<br>Judge:    Honorable Haywood S. Gilliam, Jr.<br>Courtroom: 2, 4th Floor |

## NOTICE OF MOTION AND MOTION

Defendant Google LLC ("Google") gives notice that on April 11, 2019, at 2:00 p.m., in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612, before the Honorable Haywood S. Gilliam, Jr., Google will and hereby does move under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing with prejudice the claims of induced and willful infringement in the December 9, 2018 Amended Complaint filed by Hypermedia Navigation LLC ("Plaintiff" or "Hypermedia") (ECF 16). This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, all documents in the Court's file, and such other written or oral argument as may be presented at or before the time this motion is heard by the Court.

## RELIEF SOUGHT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Google moves to dismiss with prejudice Hypermedia's induced and willful infringement claims for failure to state a claim upon which relief can be granted.

Dated: January 4, 2019

Respectfully submitted,

By: /s/ *Melody Drummond Hansen*

Darin W. Snyder (SB #136003)
dsnyder@omm.com
Luann L. Simmons (SB #203526)
lsimmons@omm.com
David S. Almeling (SB #235449)
dalmeling@omm.com
Melody Drummond Hansen (SB #278786)
mdrummondhansen@omm.com
Mark Liang (S.B. #278487)
mliang@omm.com
Bill Trac (SB #281437)
btrac@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Attorneys for Defendant
Google LLC

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1
    I.    INTRODUCTION ................................................................................................ 1
    II.    ISSUES TO BE DECIDED ................................................................................. 2
    III.    FACTUAL BACKGROUND .............................................................................. 3
    IV.    LEGAL STANDARDS ....................................................................................... 5
        A.    Motion To Dismiss .................................................................................. 5
        B.    Willful Infringement ................................................................................ 5
        C.    Induced Infringement .............................................................................. 6
    V.    ARGUMENT ....................................................................................................... 6
        A.    Hypermedia Fails To Adequately Plead Willful Infringement ............... 6
            1.    Hypermedia Fails To Plead Facts That Could Plausibly Support Pre-Suit Knowledge Of Infringement .................................................................. 7
            2.    Hypermedia Fails To Plead Facts That Could Plausibly Support That Google Engaged In "Egregious" Conduct ........................................ 9
        B.    Hypermedia Fails To Adequately Plead Induced Infringement ............ 10
            1.    Hypermedia Fails To Plead Facts Plausibly Supporting Pre-Suit Knowledge Of The '814 Patent Or Of Infringement For Any Patent. .............................. 10
            2.    Hypermedia Fails To Plead Facts Plausibly Supporting That Google Had Specific Intent To Encourage Others' Infringement. .................................. 11
    VI.    DISMISSAL SHOULD BE WITH PREJUDICE AS AMENDMENT WOULD BE FUTILE ............................................................ 12
    VII.    CONCLUSION .................................................................................................. 14

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................. 5

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
    No. 2:13-CV-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) ........................................... 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................................. 5

*Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................. 6

*Boundaries Solutions Inc. v. CoreLogic, Inc.*,
    No. 5:14–cv–00761–PSG, 2014 WL 7463708 (N.D. Cal. Dec. 30, 2014) .............................. 13

*CAP Co. v. McAfee, Inc.*,
    No. 14-CV-05068-JD, 2015 WL 3945875 (N.D. Cal. June 26, 2015) ................................ 6, 12

*Carvalho v. Equifax Info. Servs., LLC*,
    629 F.3d 876 (9th Cir. 2010) ................................................................................................... 13

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
    295 F.3d 1277 (Fed. Cir. 2002) ................................................................................................. 8

*Clinicomp Int'l, Inc. v. Cerner Corp.*,
    No.: 17cv2479-GPC(BLM), 2018 WL 2229364 (S.D. Cal. May 16, 2018) ........................... 13

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015) .............................................................................................................. 6

*Finjan, Inc. v. Cisco Sys. Inc.*,
    No. 17-CV-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ............................... 9, 10

*Finjan, Inc. v. Juniper Networks, Inc.*,
    No. 17-05659-WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ................................. 6, 8, 9

*France Telecom S.A. v. Marvell Semiconductor Inc.*,
    No. 12-CV-04967-WHO, 2014 WL 4272771 (N.D. Cal. Aug. 28, 2014) ................................ 8

*Global–Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011) .............................................................................................................. 6

*Grobler v. Sony Computer Entm't Am. LLC*,
    No. 5:12-CV-01526-LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) ...................... 6, 11, 12

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ..................................................................................................... 1, 6, 7

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................ 11

*Longitude Licensing v. Apple Inc.*,
    No. 14-CV-04275-EDL, 2015 WL 1143071 (N.D. Cal. Mar. 13, 2015) .............................. 6, 7

*NetFuel, Inc. v. Cisco Sys. Inc.*,
    No. 5:18-CV-02352-EJD, 2018 WL 4510737 (N.D. Cal. Sept. 18, 2018) ........................... 6, 7

*Pinnacle Brokers Ins. Sols. LLC v. Sentinel Ins. Co., Ltd.*,
    No. 15-CV-02976-JST, 2015 WL 5159532 (N.D. Cal. Sept. 2, 2015) .............................. 12, 13

*VIA Techs., Inc. v. ASUS Computer Int'l*,
    No. 14-CV-03586-BLF, 2015 WL 3809382 (N.D. Cal. June 18, 2015) ................................ 11

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 5

Fed. R. Civ. P. 15(a) ..................................................................................................................... 12

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Hypermedia Navigation LLC's ("Hypermedia") claims of willful and induced infringement should be dismissed because they fail to plead facts to plausibly support that Defendant Google LLC ("Google") had pre-suit knowledge of its alleged infringement or to show the requisite "egregious" behavior or "specific intent" (respectively) to support such claims. Instead, Hypermedia relies only on a vague, insufficient pre-suit letter and conclusory assertions that parrot legal elements without alleging specific facts that might plausibly support willful or induced infringement.

Hypermedia alleges that Google willfully infringes seven of the eleven asserted patents, relying on a pre-suit letter that it claims to have sent to Google on August 18, 2017. Hypermedia does not describe or attach the letter to its Amended Complaint, alleging only that it made Google aware that "Plaintiff alleged" that various products "infringed one or more of" these seven patents. This is unsurprising because the contents of the letter reveal that it did not make Google aware of any alleged infringement. To the contrary, the letter merely lists Hypermedia's entire patent portfolio; points to three figures from one patent as showing what Hypermedia's technology allegedly "covers;" then includes a chart listing seven patents and five products with various boxes marked, without explaining how Google allegedly infringes any of Hypermedia's patent claims. Pointing to three patent figures from one patent cannot put Google on notice of why Google's products allegedly infringe any claim of any patent. Hypermedia also fails to plead facts plausibly supporting that Google's conduct was "egregious," as required to establish willfulness under *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). Hypermedia alleges only that Google's failure to respond to Hypermedia's letter with evidence of non-infringement or invalidity was egregious. But the law is clear that plausibly alleging "egregious" conduct requires more than making conclusory allegations of knowledge and infringement.

Hypermedia's inducement claims likewise fail. Hypermedia again relies on its August 2017 letter to support Google's alleged pre-suit knowledge that its actions would induce infringement of the same seven patents—but, for the same reasons, the contents of the letter belie

that assertion. And for the one additional patent that Hypermedia adds to the inducement claim, the letter did not even identify the patent because it had not yet issued when the letter was sent; the letter instead only included the pending application number in its listing of Hypermedia's entire portfolio. In addition, Hypermedia fails to plead facts plausibly supporting that Google had "specific intent" to induce infringement—either pre-suit or post-suit. Hypermedia alleges induced infringement for five of the accused products, based on two paragraphs that string-cite Google's user support webpages for only one of those accused products (YouTube). And, with respect to YouTube, the string citations do not show or explain how those webpages could cause or encourage users to infringe any of the 117 asserted claims of eight patents, much less how Google specifically intended to induce such infringement.

Granting leave to amend, moreover, would be futile because (1) Hypermedia was on notice of the deficiencies in its claims before filing its First Amended Complaint and was unable to revise them to sufficiently plead the claims and (2) the patents for which Hypermedia asserts willful and induced infringement expired the day after its original complaint was filed, so Hypermedia cannot cure its post-suit claims for willful or induced infringement.

Hypermedia's willful and induced infringement claims should therefore be dismissed with prejudice.

## II.   ISSUES TO BE DECIDED

Whether the Amended Complaint fails to state claims for willful infringement because Hypermedia does not plead facts sufficient to plausibly support allegations that Google (1) had pre-suit knowledge of alleged infringement of the relevant patents, or (2) has engaged in "egregious" conduct that would warrant enhanced damages.

Whether the Amended Complaint fails to state claims for induced infringement because Hypermedia does not plead facts sufficient to plausibly support allegations that Google (1) had pre-suit knowledge of the existence of the relevant patents, (2) had pre-suit knowledge that its actions would induce infringement of any of the relevant patents, or (3) has the "specific intent" to induce its customers to infringe.

### III.     FACTUAL BACKGROUND

On October 5, 2018, Hypermedia filed a complaint alleging that Google infringes 158 claims of eleven patents related to "linear" navigation of different "elements," such as webpages, video, or audio on the Internet:  U.S. Patent Nos. 7,383,323 ("'323 Patent"), 7,383,324 ("'324 Patent"), 7,424,523 ("'523 Patent"), 7,478,144 ("'144 Patent"), 7,769,830 ("'830 Patent"), 8,250,173 ("'173 Patent"), 9,083,672 ("'672 Patent"), 9,772,814 ("'814 Patent"), 9,864,575 ("'575 Patent"), 6,779,026 ("'026 Patent"), and 9,990,174 ("'174 Patent") (collectively, the "Asserted Patents").  ECF 1.  That Complaint alleged willful infringement of seven patents and induced infringement of all eleven patents. *Id.* ¶¶ 24, 227, 219.  After Google identified deficiencies in the Complaint, Hypermedia filed an Amended Complaint alleging infringement of the same eleven patents, willful infringement of seven patents, and induced infringement of eight patents. *See* ECF 16 ¶¶ 229, 219; Declaration of Melody Drummond Hansen ("Drummond Hansen Decl.") ¶ 2.  Hypermedia accuses Google of infringement based on its YouTube, Google Play Music, Google Video, Google Play Movies, Android TV, Google Images, and Google App products. *See, e.g., id.* ¶¶ 24, 169, 191, 221, 229.

Hypermedia alleges willful and induced infringement beginning in August 21, 2017, over a year before Hypermedia filed suit. *Id.* ¶ 25.  Hypermedia relies on a letter that it alleges was sent to Google on August 18, 2017, and received at Google on August 21, 2017, ("the Letter"). *Id.* ¶ 25.  While Hypermedia did not attach the Letter to its Complaint or Amended Complaint, it provided an unsigned copy to Google's counsel after the Complaint was filed. *See* Drummond Hansen Decl. Ex. A.  The Letter does not describe the patented technology, excerpt any claim language, or even identify any claims allegedly infringed by any Google product. *Id*.  Instead, the Letter (1) lists Hypermedia's entire patent and application portfolio without providing any description of what Hypermedia's patents claim (*id.* at 1); (2) asserts that Hypermedia's "technology covers" three figures from the '672 Patent, again without any explanation (*id.* at 2.); and (3) includes a table listing seven patents — the '323, '324, '523, '672, '830, '173, and '144 Patents—and five Google products (YouTube, Google Play Music, Google Video, Google Play Movies, and Android TV), with various boxes marked to allegedly indicate which of Google's

1  offerings "provides this technology" (*id*.).  The Letter closes with an invitation to have a "non-
2  litigation business discussion." *Id.*

3  Relying solely on this Letter, Hypermedia alleges that Google willfully infringes the '323,
4  '324, '523, '672, '830, '173, and '144 Patents (the "Willfulness Patents") based on the five
5  products identified in the Letter.  *See* ECF 16 ¶¶ 229-231.  Hypermedia, however, pleads no facts
6  to plausibly support that Google knew that its products infringed any of these patents or acted in
7  an "egregious" manner.  Instead, Hypermedia asserts that Google "failed to provide any material,
8  description, reasoning, or evidence of non-infringement or invalidity" of the seven patents.  *Id.*¶
9  232.  Hypermedia then parrots the legal elements of willfulness, alleging that "Defendant's
10 conduct is egregious as it continued offering, selling, making and using the Accused
11 Instrumentalities despite knowledge of the infringement" and "Defendant's infringement is and
12 has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, and fragrant
13 [*sic*]."  *Id.*

14 Hypermedia relies on the same August 2017 Letter for its induced infringement claims,
15 alleging that Google induced users of the five accused products identified in its Letter to infringe
16 the same seven Willfulness Patents, plus the '814 Patent (collectively, the "Inducement Patents").
17 *Id.* ¶ 219.  As with its willfulness claims, however, Hypermedia does not plead allegations to
18 support Google's knowledge of infringement for any of these eight patents.  For the '814 Patent,
19 Hypermedia cannot even support knowledge of the patent, because its alleged notice was
20 provided before the '814 Patent issued.  And Hypermedia fails to plead any facts to plausibly
21 support that Google acted with "specific intent" for its users to infringe any of the Inducement
22 Patents.  *See id.* ¶¶ 219-220.  Hypermedia instead vaguely refers to "instructions and support" and
23 string-cites three webpages, alleging:  "Defendant provides instructions on using YouTube which
24 leads to infringement by end-users.  *See e.g., https://support.google.com/youtube/answer/*
25 *2398242?hl=en&ref_topic=4489102; https://support.google.com/youtube/answer/92651?hl=en*
26 *("Up Next" Videos); https://support.google.com/youtube/answer/6327615?hl=en&co=*
27 *GENIE.Platform=Desktop ("Autoplay Videos")*."  *Id.* ¶¶ 226-227.  But the three cited webpages
28 are support sites for just *one* accused product, YouTube, and Hypermedia cites no basis for its

induced infringement allegations for the other four products included in Hypermedia's inducement allegations: Google Play Music, Google Video, Google Play Movies, and Android TV.  And with respect to YouTube, it is unclear how the cited websites relate to accused features or could induce end users to infringe any Hypermedia patents.  For example, the first website, titled "Find your way around YouTube," provides introductory instructions for using YouTube, such as its various menu options (*e.g.* Guide, Home, Subscriptions, etc.), none of which are accused in this action.  The second and third links are titled "'Up Next' videos" and "'Autoplay' videos," respectively, and describe how YouTube automatically plays another video after the current one ends.  Hypermedia does not identify any statements from these websites that either instruct users to infringe or advertise features accused of infringing.

The Willfulness Patents and the '814 Patent all expired on October 6, 2018—the day after Hypermedia filed its lawsuit.  *See, e.g.,* Drummond Hansen Decl. Ex. A.[1]

## IV.   LEGAL STANDARDS

### A.   Motion To Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the party asserting it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Twombly*, 550 U.S. at 555 ("factual allegations must be enough to raise a right to relief above the speculative level.").  Conclusory allegations or "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 681.

### B.   Willful Infringement

Willful infringement is reserved for "egregious infringement behavior," which is typically described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or

---

[1] Although the Letter identifies a later expiration date for the '830 Patent, i.e., November 15, 2018 (*see* Ex. A), it is unclear on what that assertion is based.

— indeed — characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). To state a claim for willful infringement, a plaintiff must plead that (1) a defendant had knowledge of the asserted patents at the time of alleged wrongdoing, and (2) the defendant's conduct rises to the level of egregiousness described in *Halo*. *See, e.g., Finjan, Inc. v. Juniper Networks, Inc.*, No. 17-05659-WHA, 2018 WL 905909, at *4-5 (N.D. Cal. Feb. 14, 2018) (dismissing complaint for failing to show pre-suit knowledge and egregious conduct). Willful infringement also requires showing that the defendant knew that it was allegedly infringing the asserted patents at the time the defendant's conduct is alleged to have been willful. *See, e.g., NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018) (This district has recognized that "there can be no infringement of a patent, willful or otherwise, until the patent issues and the defendant learns of its existence ***and alleged infringement***.") (emphasis added); *Longitude Licensing v. Apple Inc.*, No. 14-CV-04275-EDL, 2015 WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015).

### C.  Induced Infringement

To support a claim for induced infringement, a plaintiff must plead facts plausibly supporting that (1) a defendant knew its actions would induce actual infringement; and (2) the defendant had the specific intent to encourage another's infringement. *See CAP Co. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 3945875, at *3 (N.D. Cal. June 26, 2015) (dismissing inducement claims, *citing cases including Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926–28 (2015) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)); *see also Grobler v. Sony Computer Entm't Am. LLC*, No. 5:12-CV-01526-LHK, 2013 WL 308937, at *3 (N.D. Cal. Jan. 25, 2013) (*quoting In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012))).

## V.  ARGUMENT

### A.  Hypermedia Fails To Adequately Plead Willful Infringement

Hypermedia's willful infringement claims should be dismissed for two independent reasons: (1) Hypermedia fails to plead facts plausibly supporting Google's pre-suit knowledge of

alleged infringement; and (2) Hypermedia fails to plead facts plausibly supporting that Google's conduct is "egregious," as required by *Halo*.

### 1. Hypermedia Fails To Plead Facts That Could Plausibly Support Pre-Suit Knowledge Of Infringement

The Supreme Court explained in *Halo* that "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo Elecs.*, 136 S. Ct. at 1933. Courts in this District have held that claims of willful patent infringement require an allegation not only that the defendant knew of the asserted patents, but also that the defendant knew of its alleged infringement during the relevant time period. *See, e.g., NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018) ("This district has recognized that 'there can be no infringement of a patent, willful or otherwise, until the patent issues ***and the defendant learns of its existence and alleged infringement***." (emphasis added)); *see also Longitude Licensing v. Apple Inc.*, No. 14-CV-04275-EDL, 2015 WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015) (holding that pre-suit willful infringement allegations require knowledge of ***alleged infringement*** before the lawsuit was filed). Hypermedia's Amended Complaint, however, does not allege any facts that would support that Google had pre-suit knowledge that it infringed any claim of the seven Willfulness Patents.

Here, Hypermedia relies solely on the August 2017 Letter to support Google's pre-suit knowledge of alleged infringement. But the Letter does not actually allege that Google infringes any claim of any Hypermedia patent, much less explain how Google allegedly infringes. Drummond Hansen Decl. Ex. A. Instead, the Letter lists all patents and pending applications in Hypermedia's portfolio; states "[t]he technology covers:" and copies three figures from one of the patents; and then asserts that Google "provides this technology," followed by a table purporting to illustrate that assertion. *See id.* Nowhere does the Letter attach any claim charts or even assert that Google infringes any claim of any patent — to the contrary, the Letter ends by inviting Google to engage in a "non-litigation business discussion." *Id*.

To the extent Hypermedia argues the Letter sufficiently alleges infringement because it identifies three patent figures and then includes a table purporting to show that Google's products

provide technology related to certain Hypermedia patents, this argument fails.  The letter's excerpt of three figures and a table listing seven patents and five products cannot plausibly support Google's pre-suit knowledge of infringement.  First, infringement cannot be asserted by comparing an accused product to a patent *figure*.  *See, e.g., France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-CV-04967-WHO, 2014 WL 4272771, at *4 (N.D. Cal. Aug. 28, 2014); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002) ("infringement is to be determined by comparing the asserted claim to the accused device, not by comparing the accused device to the figures of the asserted patent.").  Here, Hypermedia's Letter does even less—it does not even compare any product to any specific figure.  Rather, it excerpts three figures from one patent without any analysis or explanation, and generically refers to these figures as "technology" that belongs to Hypermedia.  Second, the table isn't sufficiently clear about what it purports to illustrate to provide notice of anything.  Specifically, the Letter asserts that the table shows that Google provides "this technology," which refers to the three patent figures copied from one patent, but the "Y" marks in the table appears to be asserting that each Google product provides technology in some or all of seven patents, apparently suggesting that certain products use technology from some patents but not others.  Hypermedia provides no explanation about what the "Y" marks actually mean or how they relate to the three figures copied from one patent.  Thus, the Letter cannot plausibly support that Google had pre-suit knowledge that it infringed any claim of any Asserted Patent.[2]

Indeed, courts in this District have found more detailed assertions of infringement to be insufficient to survive a Rule 12 motion to dismiss.  For example, in *Finjan v. Juniper Networks*, plaintiff Finjan provided pre-suit correspondence to defendant with a claim chart for a related patent.  2018 WL 905909, at *1.  The court held that the claim chart, which mapped the claims of a related but un-asserted patent, was insufficient to demonstrate that the defendant had pre-suit knowledge of infringement of an asserted patent.  *Id.* at *3.  By comparison, Hypermedia relies

---

[2] The Letter's failure to identify any claims is especially relevant here because the seven Willfulness Patents include a combined total of 220 claims.

on less: merely three figures of one asserted patent without any explanation of how Google's products allegedly infringe any claim of any Hypermedia patent.

Because Hypermedia fails to plead sufficient facts to plausibly support that Google had knowledge of its alleged infringement of any Hypermedia patent, the Court should dismiss Hypermedia's claims for willful infringement.

### 2. Hypermedia Fails To Plead Facts That Could Plausibly Support That Google Engaged In "Egregious" Conduct

Hypermedia's willful infringement claims fail for a separate, independent reason. After the Supreme Court's *Halo* decision, courts in this District have required plaintiffs to plead facts sufficient to demonstrate "egregious" conduct to sustain a willful infringement claim. *See, e.g., Finjan*, 2018 WL 905909, at *3; *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017). In *Finjan v. Cisco*, for example, Finjan made conclusory assertions that "[d]espite knowledge of Finjan's patent portfolio, Defendant has sold and continues to sell the accused products and services." 2017 WL 2462423, at *5. The court dismissed Finjan's willful infringement claims, explaining that "simply ma[king] conclusory allegations of knowledge and infringement" is "not enough to plausibly allege egregiousness." *Id.* (internal quotes and brackets omitted). Because the complaint included "no specific factual allegations about Cisco's subjective intent, or any other aspects of Cisco's behavior that would suggest its behavior was 'egregious.,'" the court held that the willfulness claims failed. *Id.*

Hypermedia's allegations likewise fail to suggest any alleged "egregious" conduct. Hypermedia's Letter at most mentions asserted patents and accused products but fails to give notice of how the products allegedly infringed. Now, Hypermedia alleges that Google's conduct was egregious because Google allegedly "failed to provide any material, description, reasoning, or evidence of non-infringement or invalidity of the Presented Patents" in response to Hypermedia's Letter and continued selling the named products. ECF 16 ¶ 232. Hypermedia also includes a conclusory allegation that "Defendant's infringement is and has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, and fragrant [*sic*]." *Id.* But as *Finjan v.*

1  *Cisco* held, "conclusory allegations of knowledge and infringement" are "not enough to plausibly
2  allege egregiousness."  2017 WL 2462423, at *5.
3        The Court should therefore dismiss Hypermedia's claims of willful infringement for
4  failing to plead facts plausibly supporting Google's pre-suit knowledge of alleged infringement
5  and failing to plead facts supporting that Google's behavior was "egregious" pre-suit or post-suit.

### B.  Hypermedia Fails To Adequately Plead Induced Infringement

7        Hypermedia's inducement claims fail for reasons similar to its willfulness allegations.
8  First, Hypermedia's pre-suit Letter is insufficient to plausibly support that Google had pre-suit
9  knowledge of the existence of the '814 Patent or of its alleged infringement of any of the eight
10  Inducement Patents.  Second, Hypermedia fails to plead facts plausibly supporting that Google
11  had the required "specific intent" to induce infringement because:  (a) for four of the products
12  accused for inducement, Hypermedia provides no supporting facts, and (b) for the fifth accused
13  product (YouTube), the cited web pages do not relate to the accused infringement.

#### 1.  Hypermedia Fails To Plead Facts Plausibly Supporting Pre-Suit Knowledge Of The '814 Patent Or Of Infringement For Any Patent.

16        For the reasons discussed above, Hypermedia's Letter is insufficient to support Google's
17  knowledge of alleged infringement.  The Letter does not assert that any Google product infringes
18  any claim of any Hypermedia patent, instead generically referring to Hypermedia "technology"
19  and Google products that may use that "technology" and inviting a "non-litigation business
20  discussion."  *See supra* and Drummond Hansen Decl. Ex. A.  Nor does Hypermedia plead any
21  facts supporting that Google knew any of its actions would allegedly induce actual infringement
22  by others.  This flaw is fatal for all eight Inducement Patents.
23        Hypermedia's inducement claims for the '814 Patent fail for additional reasons.
24  Hypermedia fails to allege that Google even knew of the existence of the '814 Patent.  As
25  Hypermedia's Amended Complaint acknowledges, its Letter did not identify the '814 Patent;
26  rather, it identified a pending patent application that later issued as the '814 Patent.  ECF 16 ¶¶
27  25, 220.  And Hypermedia does not allege that it provided any notice to Google of the '814 Patent
28  after issuance.  As courts in this District hold, knowledge of a patent application alone is

insufficient to meet the knowledge requirement of a patent for induced infringement.  *See, e.g., VIA Techs., Inc. v. ASUS Computer Int'l,* No. 14-CV-03586-BLF, 2015 WL 3809382, at *3 (N.D. Cal. June 18, 2015) ("The general rule in this district is that knowledge of a patent *application* alone is insufficient to meet the knowledge requirement for either a willful or induced infringement claim.") (collecting cases).  Hypermedia's Letter, moreover, did not even include the '814 Patent application in its table listing patents and Google's five products that purportedly provided Hypermedia's "technology."  *See* Drummond Hansen Decl. Ex. A.

Because Hypermedia fails to adequately plead that Google had pre-suit knowledge of alleged infringement, its claims for pre-suit induced infringement should be dismissed.

**2.  Hypermedia Fails To Plead Facts Plausibly Supporting That Google Had Specific Intent To Encourage Others' Infringement.**

Hypermedia's inducement claims also fail to plead any facts supporting that Google had specific intent to encourage its customers to infringe, providing an independent basis to dismiss these claims.  *See, e.g., Grobler v. Sony Computer Entm't Am. LLC*, No. 5:12-CV-01526-LHK, 2013 WL 308937, at *3 (N.D. Cal. Jan. 25, 2013) (*quoting In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

First, Hypermedia alleges that "Defendant provides instructions and support to resellers and end-use customers" and then string-cites three webpages relating to only one of the five accused products included in Hypermedia's inducement allegations, YouTube.  ECF 16 ¶¶225-226.  Hypermedia makes no allegations supporting alleged inducement for the other four accused products:  Google Play Music, Google Video, Google Play Movies, and Android TV.  Hypermedia's induced infringement allegations for those products should therefore be dismissed.

Second, Hypermedia's inducement allegations for YouTube also fail.  Hypermedia cites to:  (1) a Google support page for YouTube that provides guidance on the most basic YouTube menu options (*e.g.* Guide, Home, Subscriptions, Trending, History, etc.), and (2) to pages titled "'Up Next' videos" and "'Autoplay' videos," each describing how YouTube automatically plays another video after the current one ends.  Hypermedia provides no explanation for how these webpages instruct end-users to infringe or advertise the benefits of the eight Inducement Patents.

Courts in this District hold that such passing references to user support documents are "wholly inadequate for an inference of specific intent" to induce infringement. *CAP*, 2015 WL 3945875, at *5. In *CAP*, for example, the court dismissed claims for induced infringement because the complaint failed to allege any statement" that could encourage users to infringe, instead making only "passing references" to "'user manuals guides, and support articles,' without ever saying what those materials contain[ed]." *Id.* The court held that these allegations were "wholly inadequate for an inference of specific intent" to induce infringement and therefore dismissed the induced infringement claims. *Id.* Similarly, in *Grobler v. Sony Computer Entertainment America LLC*, the court dismissed induced infringement claims where the plaintiff alleged only that defendant Sony "through its website at http://www.us.playstation.com/" "advertises the feature in the Playstation Network" and "provides instructions on how to use the Playstation Network system." 2013 WL 308937, at *2. Merely pointing to a web address and making conclusory assertions that a defendant "advertises" or "provides instructions" is insufficient to "plausibly show[]" that a defendant "specifically intended" customers to infringe and "knew that the customer's act constituted infringement." *Id.*

Similarly, here, Hypermedia's mere listing of three Google webpages for one accused product, YouTube, is insufficient to allege that Google specifically intended its users to infringe or knew that such acts constituted infringement. Hypermedia's inducement claims therefore should be dismissed.

## VI.     DISMISSAL SHOULD BE WITH PREJUDICE AS AMENDMENT WOULD BE FUTILE

Dismissal in this case should be with prejudice. Under Federal Rule of Civil Procedure 15(a), a court need not grant leave to amend where such amendment would be futile. *See, e.g., Pinnacle Brokers Ins. Sols. LLC v. Sentinel Ins. Co., Ltd.*, No. 15-CV-02976-JST, 2015 WL 5159532, at *5 (N.D. Cal. Sept. 2, 2015) (granting motion to dismiss with prejudice where amendment would be futile).

Hypermedia cannot amend its allegations to support claims for willful or induced infringement. First, Hypermedia's Amended Complaint was filed in response to Google

identifying deficiencies regarding these claims in the original Complaint. Hypermedia therefore had the opportunity to address those deficiencies and plead all available facts to try to support pre-suit willful or induced infringement for any of the patents for which it asserts these claims. But the Amended Complaint still fails to support these claims. Because Hypermedia has already had the chance to amend and still could not plead sufficient facts, this Court should deny leave to amend. *See, e.g., Pinnacle Brokers*, 2015 WL 5159532, at *5 (a court may deny leave to amend considering "repeated failure to cure deficiencies by amendments previously allowed") (quoting *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892 (9th Cir. 2010)); *Boundaries Solutions Inc. v. CoreLogic, Inc.*, No. 5:14–cv–00761–PSG, 2014 WL 7463708, at *3 (N.D. Cal. Dec. 30, 2014) ("Because [plaintiff] has already had the opportunity to amend and was unable to cure the deficiencies in its pre-suit indirect infringement claim . . . the court finds that further amendment would be futile [and] the claim is dismissed with prejudice").

Second, because all of the patents for which Hypermedia asserts willful and induced infringement expired the day after Hypermedia filed its complaint, Hypermedia cannot plead claims for post-suit willful or induced infringement. *See Clinicomp Int'l, Inc. v. Cerner Corp.*, No.: 17cv2479-GPC(BLM), 2018 WL 2229364, at *2-6 (S.D. Cal. May 16, 2018) (dismissing willful and indirect infringement allegations because the plaintiff pled no facts to support defendant's knowledge of the asserted patent before it expired two weeks prior to the complaint filing). In *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, for example, a district court dismissed plaintiff's indirect infringement claims where the plaintiff alleged that defendant had knowledge of the asserted patent based on the complaint, but the complaint was not served until after the patent expired. No. 2:13-CV-750, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014). Although the plaintiff contended in briefing that defendant received notice letters less than a week before the patent's expiration, the court dismissed the action because "[plaintiff] is asking this Court to sustain a claim of damages for alleged indirect infringement which lasted three to six days at the maximum. Such damages, if any, are *de minimis* on their face . . . which does not justify or support the use of this Court's limited resources." *Id*. Here, Hypermedia cannot even support its willful or indirect infringement claims for a *de minimis* period because its pre-suit

letter fails to support such claims for the reasons above, and the Willfulness Patents and Inducement Patents are now expired. In addition, for the '814 Patent, Hypermedia cannot establish even knowledge of the patent for more than a single day before expiration to support its inducement claim.

The Court, therefore, should dismiss Hypermedia's willful and induced infringement claims with prejudice.

### VII. CONCLUSION

Google respectfully requests that the Court dismiss with prejudice Hypermedia's willful and induced infringement claims because Hypermedia's Amended Complaint fails to plead facts that could plausibly support Google's pre-suit knowledge of alleged infringement, or that Google's alleged conduct was "egregious" to constitute willful infringement or done with "specific intent" to induce infringement.

Dated: January 4, 2019

Respectfully submitted,

By: /s/ *Melody Drummond Hansen*

DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
DAVID ALMELING (S.B. #235449)
dalmeling@omm.com
MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
MARK LIANG (S.B. #278487)
mliang@omm.com
BILL TRAC (S.B. #281437)
btrac@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Tel: (415) 984-8700  Fax: (415) 984-8701

Attorneys for Defendant
Google LLC