M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
FEINBERG DAY ALBERTI LIM &
BELLOLI LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel: 650.618.4360
Fax: 650.618.4368

Hao Ni (pro hac vice)
*hni@nilawfirm.com*
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

Attorneys for Plaintiff
HYPERMEDIA NAVIGATION LLC

DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
DAVID ALMELING (S.B. #235449)
dalmeling@omm.com
MELODY DRUMMOND HANSEN (S.B.
#278786)
mdrummondhansen@omm.com
MARK LIANG (S.B. #278487)
mliang@omm.com
BILL TRAC (S.B. #281437)
btrac@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Tel: (415) 984-8700  Fax: (415) 984-8701

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| HYPERMEDIA NAVIGATION LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:18-cv-06137-HSG<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

1.      <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.      <u>DEFINITIONS</u>

    2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2      <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4      <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

    2.5      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

    2.6      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party or a Party's affiliate, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13   Party: any party to this action.

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating

Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection and if practicable to do so, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being

1   asserted. When it is impractical to identify separately each portion of testimony that is entitled to

2   protection and it appears that substantial portions of the testimony may qualify for protection, the

3   Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

4   is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

5   which protection is sought and to specify the level of protection being asserted. Only those

6   portions of the testimony that are appropriately designated for protection within the 21 days shall

7   be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

8   Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked,

9   that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

10  – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

11          Parties shall give the other Parties reasonable notice (a minimum of two business days) if

12  they reasonably expect a deposition, hearing or other proceeding to include Protected Material so

13  that the other Parties can ensure that only authorized individuals who have signed the

14  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

15  The use of a document as an exhibit at a deposition shall not in any way affect its designation as

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

17  "HIGHLY CONFIDENTIAL – SOURCE CODE."

18          Transcripts containing Protected Material shall have an obvious legend on the title page

19  that the transcript contains Protected Material, and the title page shall be followed by a list of all

20  pages (including line numbers as appropriate) that have been designated as Protected Material and

21  the level of protection being asserted by the Designating Party. The Designating Party shall

22  inform the court reporter of these requirements. Any transcript that is prepared before the

23  expiration of a 21-day period for designation shall be treated during that period as if it had been

24  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

25  otherwise agreed. After the expiration of that period, the transcript shall be treated only as

26  actually designated.

27          (c) for information produced in some form other than documentary and for any

28

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

<u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected

portion(s) and specify the level of protection being asserted.

       5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

       6.1     <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at

any time. Unless a prompt challenge to a Designating Party's confidentiality designation is

necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

significant disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original

designation is disclosed.

       6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis

for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

notice must recite that the challenge to confidentiality is being made in accordance with this

specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in

good faith and must begin the process by conferring directly (in voice to voice dialogue; other

forms of communication are not sufficient) within 14 days of the date of service of notice. In

conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been

_____

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached

1   terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

2   DISPOSITION).

3        Protected Material must be stored and maintained by a Receiving Party at a location and

4   in a secure manner that ensures that access is limited to the persons authorized under this Order.

5   Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for

6   transmission to qualified recipients, without the written permission of the Producing Party or by

7   further order of the Court.

8        7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

9   by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

10  information or item designated "CONFIDENTIAL" only to:

11       (a) the Receiving Party's Outside Counsel of Record in this action, as well as

12  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

13  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

14  Bound" that is attached hereto as Exhibit A;

15       (b) up to one House Counsel of the Receiving Party to whom disclosure is

16  reasonably necessary for this litigation and who have signed the "Acknowledgment and

17  Agreement to Be Bound" (Exhibit A);

18       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

19  reasonably necessary for this litigation and who have signed the "Acknowledgment and

20  Agreement to Be Bound" (Exhibit A);

21       (d) the Court and its personnel;

22       (e) stenographic reporters, videographers and/or their staff, and Professional

23  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

24  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25       (f) during their depositions, witnesses in the action to whom disclosure is

26  _____

27  hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and
    Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly
    seek a protective order from the Court prohibiting the attorney from disclosing Protected Material

28  in order for the deposition to proceed.

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information; and

(h)  mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

1    A); and

2           (e) the author or recipient of a document containing the information or a custodian

3    or other person who otherwise possessed or personally knows  the information, unless the

4    Designating Party objects to the disclosure.

5           7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

6    Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

7    Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

8    SOURCE CODE" only to:

9           (a) the Receiving Party's Outside Counsel of Record in this action, as well as

10   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

11   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

12   Bound" that is attached hereto as Exhibit A;

13          (b) up to three Experts of the Receiving Party (1) to whom disclosure is reasonably

14   necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

15   Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below

16   and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE"

17   Information or Items, have been followed;

18          (c) the Court and its personnel;

19          (d) stenographic reporters, videographers and their respective staff who have

20   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are transcribing or

21   videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

22   or Items are being discussed, provided that such reporters and videographers shall not retain or be

23   given copies of any portions of the source code, which if used during a deposition, will not be

24   attached as an exhibit to the transcript but instead shall be identified only by its production

25   numbers.

26          (e) while testifying at deposition or trial in this action only: (i) any current or

27   former officer, director or employee of the Producing Party or original source of the information;

28

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

(ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying.  Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

       7.5 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

              (a)(1) Purposefully left blank.

              (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party[2] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received

---

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d) In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

2            (e) A party who has not previously objected to disclosure of Protected Material to

3    an Expert or whose objection has been resolved with respect to previously produced Protected

4    Material shall not be precluded from raising an objection to an Expert at a later time with respect

5    to Protected Material that is produced after the time for objecting to such Expert has expired or if

6    new information about that Expert is disclosed or discovered. Any such objection shall be

7    handled in accordance with the provisions set forth above.

8    8.     PROSECUTION AND ACQUISITION BAR

9            (a) Absent written consent from Google LLC, any individual who receives access

10   to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

11   "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Google LLC shall

12   not be involved in the prosecution of patents or patent applications relating to navigating between

13   elements on a website or between websites, or on an application or between applications,

14   including without limitation the patents asserted in this action and any patent or application

15   claiming priority to or otherwise related to the patents asserted in this action, before any foreign

16   or domestic agency, including the United States Patent and Trademark Office ("the Patent

17   Office"). For purposes of this paragraph, "prosecution" includes any activity related to (i) the

18   preparation or prosecution (for any person or entity) of patent applications, including among

19   others reexamination and reissue applications or (ii) participating, drafting, amending, advising,

20   or otherwise affecting the scope or maintenance of patent claims, or providing assistance with any

21   of the foregoing activities.[4] To avoid any doubt, "prosecution" as used in this paragraph does not

22   include representing a party challenging a patent before a domestic or foreign agency (including,

23   but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter*

24   *partes* review, post grant review or covered business method review). This Prosecution Bar shall

25   begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

26   "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected

27

28   [4] Prosecution includes, for example, original prosecution, reissue, *inter partes* review, post grant review, covered business method review and reexamination proceedings.

1    individual and shall end two (2) years after final termination of this action.

2            (b) Absent written consent from Google LLC, any individual who receives access

3    to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

4    "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Google LLC shall

5    not be involved in activity related to: (i) the acquisition of patents or patent applications (for any

6    person or entity) relating to navigating between elements on a website or between websites, or on

7    an application or between applications; or (ii) advising or counseling clients regarding the same.

8    This Acquisition Bar shall begin when access to "CONFIDENTIAL," "HIGHLY

9    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

10   CODE" information is first received by the affected individual and shall end two (2) years after

11   final disposition of this action as provided herein.

12   9.      SOURCE CODE

13           (a)     To the extent production of source code becomes necessary in this case, a

14   Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it

15   comprises, includes, or substantially discloses confidential, proprietary or trade secret source code

16   or algorithms.  This material may include, among things, technical design documentation that

17   comprises, includes, or substantially discloses source code or algorithms.

18           (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

19   CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8

21   and the Acquisition Bar set forth in Paragraph 8, and may be disclosed only as set forth in

22   Paragraph 7.4.

23           (c)     Any source code produced in discovery shall only be made available for

24   inspection, not produced except as set forth below, in a format allowing it to be reasonably

25   reviewed and searched, during normal business hours or at other mutually agreeable times, at (1)

26   an office of the Producing Party or the Producing Party's primary outside counsel of record or (2)

27   another mutually agreed upon location. Any location under (1) or (2) shall be within the United

28

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

States. The source code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The secured computer shall have disk encryption and be password protected.  Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing source code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE CODE" material, except that the Receiving Party may request paper copies of limited portions of source code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than 35 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of the case without prior written approval by the Producing Party. In the event the Receiving Party requires additional pages, the Parties will meet and confer with the burden on the Receiving Party to show good cause why additional pages are necessary.  The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. Within 5

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

1    business days or such additional time as necessary due to volume requested, the Producing Party

2    will provide the requested material on watermarked or colored paper bearing Bates numbers and

3    the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed

4    below.  At the inspecting Party's request, up to two additional sets (or subsets) of printed source

5    code may be requested and provided by the Producing Party in a timely fashion. Even if within

6    the limits described, the Producing Party may challenge the amount of source code requested in

7    hard copy form or whether the source code requested in hard copy form is reasonably necessary

8    to any case preparation activity pursuant to the dispute resolution procedure and timeframes set

9    forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving

10   Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not

11   need to be produced to the Receiving Party until the matter is resolved by the Court.

12          (e)      The Receiving Party shall maintain a record of any individual who has

13   inspected any portion of the source code in electronic or paper form. The Receiving Party shall

14   maintain all printed portions of the source code in a secured, locked area under the direct control

15   of counsel responsible for maintaining the security and confidentiality of the designated materials.

16   Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or

17   viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside

18   experts or consultants who have been approved to access source code; (iii) the site where any

19   deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the

20   information to a hearing, trial or deposition. Except as provided in subsection (i) of this section,

21   the Receiving Party shall not create any electronic or other images of the paper copies and shall

22   not convert any of the information contained in the paper copies into any electronic format. Any

23   printed pages of source code, and any other documents or things reflecting source code that have

24   been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may

25   not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to

26   attach as exhibits to depositions, expert reports, or court filings as discussed below.  Any paper

27   copies used during a deposition shall be retrieved by the Receiving Party at the end of each day

28

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

1   and must not be given to or left with a court reporter or any other unauthorized individual.

2         (f)   The Receiving Party's outside counsel and/or expert shall be entitled to

3   take notes relating to the source code but may not copy source code into the notes, but may copy

4   names of functions, variables, or other elements into the notes so long as the copied sections do

5   not include a string of consecutive names or expressions or a substantial portion of one or more

6   lines of source code.  No copies of all or any portion of the source code may leave the room in

7   which the source code is inspected except as otherwise provided herein.  Further, no other written

8   or electronic record of the source code is permitted except as otherwise provided herein.

9         (g)   A list of names of persons who will view the source code will be provided

10  to the producing party in conjunction with any written (including email) notice requesting

11  inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the

12  locked room to view the source code and when they enter and depart.  The Producing Party shall

13  be entitled to a copy of the log.

14        (h)   The Receiving Party's outside counsel shall maintain a log of all copies of

15  the source code (received from a Producing Party) that are delivered by the Receiving Party to

16  any person.  The log shall include the names of the recipients and reviewers of copies and

17  locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party

18  shall provide reasonable assurances and/or descriptions of the security measures employed by the

19  Receiving Party and/or person that receives a copy of any portion of the source code.

20        (i)   Except as provided in this paragraph, the Receiving Party may not create

21  electronic images, or any other images, of the source code from the paper copy for use on a

22  computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Receiving

23  Party may create an electronic copy or image of limited excerpts of source code only to the extent

24  necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other

25  Court document, or any drafts of these documents[5] ("SOURCE CODE DOCUMENTS").  The

26  Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for

27  _____

28  [5] Drafts shall only include those excerpts the Receiving Party believes will be included in the
    final version.

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order.    Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

(j) To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL- SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

(k) The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to

1  issue in the other litigation that some or all of the material covered by the subpoena or order is

2  subject to this Protective Order. Such notification shall include a copy of this Stipulated

3  Protective Order; and

4             (c) cooperate with respect to all reasonable procedures sought to be pursued by the

5  Designating Party whose Protected Material may be affected.[6]

6        If the Designating Party timely[7] seeks a protective order, the Party served with the

7  subpoena or court order shall not produce any information designated in this action as

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

9  "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

10  which the subpoena or order issued, unless the Party has obtained the Designating Party's

11  permission. The Designating Party shall bear the burden and expense of seeking protection in that

12  court of its confidential material – and nothing in these provisions should be construed as

13  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

14  another court.

15  11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION

16  

17             (a)    The terms of this Order are applicable to information produced by a Non-

18  Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

20  information produced by Non-Parties in connection with this litigation is protected by the

21  remedies and relief provided by this Order. Nothing in these provisions should be construed as

22  prohibiting a Non-Party from seeking additional protections.

23             (b)    In the event that a Party is required, by a valid discovery request, to

24  produce a Non-Party's confidential information in its possession, and the Party is subject to an

25  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

---

26  [6] The purpose of imposing these duties is to alert the interested parties to the existence of this
Protective Order and to afford the Designating Party in this case an opportunity to try to protect

27  its confidentiality interests in the court from which the subpoena or order issued.
[7] The Designating Party shall have at least 14 days from the service of the notification pursuant to

28  Section 10(a) to seek a protective order.

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

Party shall:

        1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        3.  make the information requested available for inspection by the Non-Party.

        (c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[8] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[8] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

1    13.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

2         When a Producing Party gives notice to Receiving Parties that certain produced material is

3    subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

4    those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

5    modify whatever procedure may be established in an e-discovery order that provides for

6    production without prior privilege review. If information is produced in discovery that is subject

7    to a claim of privilege or of protection as trial-preparation material, the party making the claim

8    may notify any party that received the information of the claim and the basis for it. After being

9    notified, a party must promptly return or destroy the specified information and any copies it has

10   and may not sequester, use or disclose the information until the claim is resolved. This includes a

11   restriction against presenting the information to the court for a determination of the claim.  A

12   Producing Party may assert privilege or protection over produced documents at any time by

13   notifying the Receiving Party in writing of the assertion of privilege or protection. In addition,

14   information that contains privileged matter or attorney work product shall be immediately

15   returned if such information appears on its face to have been inadvertently produced. Pursuant to

16   Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-

17   protected document is not a waiver of privilege or protection from discovery in this case or in any

18   other federal or state proceeding. For example, the mere production of privileged or work-

19   product-protected documents in this case as part of a mass production is not itself a waiver in this

20   case or any other federal or state proceeding.

21   14.    MISCELLANEOUS

22         14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

23   seek its modification by agreement with other Parties or by applying to the Court if such

24   agreement cannot be reached.  Furthermore, without application to the Court, any party that is a

25   beneficiary of the protections of this Order may enter a written agreement releasing any other

26   party hereto from one or more requirements of this Order even if the conduct subject to the

27   release would otherwise violate the terms herein.

28         14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

1    Order no Party waives any right it otherwise would have to object to disclosing or producing any

2    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

3    Party waives any right to object on any ground to use in evidence of any of the material covered

4    by this Protective Order.

5        14.3    <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon

6    treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the

7    Parties that the disclosure of such categories of Disclosure and Discovery Material is required or

8    appropriate in this action. The Parties reserve the right to argue that any particular category of

9    Disclosure and Discovery Material should not be produced.

10       14.4    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable

11   laws and regulations relating to the export of technical data contained in such Protected Material,

12   including the release of such technical data to foreign persons or nationals in the United States or

13   elsewhere. Each party receiving Protected Information shall comply with all applicable export

14   control statutes and regulations. *See, e.g.,* 15 CFR 734.2(b).  No Protected Information may leave

15   the territorial boundaries of the United States of America or be made available to any foreign

16   national who is not (i) lawfully admitted for permanent residence in the United States or (ii)

17   identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C.

18   1324b(a)(3)).  Without limitation, this prohibition extends to Protected Information (including

19   copies) in physical and electronic form.  The viewing of Protected Information through electronic

20   means outside the territorial limits of the United States of America is similarly

21   prohibited.  Notwithstanding this prohibition, Protected Information, exclusive of material

22   designated RESTRICTED CONFIDENTIAL ‐ SOURCE CODE, and to the extent otherwise

23   permitted by law, may be taken outside the territorial limits of the United States if it is reasonably

24   necessary for a deposition taken in a foreign country.  The restrictions contained within this

25   paragraph may be amended through the consent of the producing Party to the extent that such

26   agreed to procedures conform with applicable export control laws and regulations.

27       14.5    <u>Filing Protected Material</u>. Without written permission from the Designating Party

28

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

1    or a Court order secured after appropriate notice to all interested persons, a Party may not file in

2    the public record in this action any Protected Material. A Party that seeks to file under seal any

3    Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

4    under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at

5    issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

6    establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

7    otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

8    Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

9    Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

10   79-5(e)(2) unless otherwise instructed by the court.

11        14.6 <u>Use of Protected Material at Hearing or Trial</u>. A Party shall provide a minimum of

12   two business day's notice to the Producing Party in the event that a Party intends to use any

13   Protected Information during trial.  Subject to any challenges under Section 6, the Parties will not

14   oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by

15   the Court, during the presentation of any testimony, evidence, or argument relating to or

16   involving the use of any Protected Material.

17        14.7 <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or

18   impede Outside Counsel of Record's ability to communicate with or advise their client in

19   connection with this litigation based on such counsel's review and evaluation of Protected

20   Material, provided however that such communications or advice shall not disclose or reveal the

21   substance or content of any Protected Material other than as permitted under this Order.

22        14.8 <u>Violations</u>. If any Party violates the limitations on the use of Protected Material as

23   described above, the Party violating this Order shall be subject to sanctions, or any other remedies

24   as appropriate, as ordered by the Court. In the event motion practice is required to enforce the

25   terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and

26   fees, including attorney or other professional fees, incurred in connection with the discovery of

27   the violation and the preparation, filing, and arguing of the motion or any other proceedings

28

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

1  resulting from the violation.

2       14.9 <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of

3  this Stipulated Protective Order as of the date counsel for such party executes this Stipulated

4  Protective Order, even if prior to entry of this Order by the Court.

5  15.    <u>FINAL DISPOSITION</u>

6       Within 60 days after the final disposition of this action, as defined in paragraph 4, each

7  Receiving Party must return all Protected Material to the Producing Party or destroy such

8  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

9  compilations, summaries, and any other format reproducing or capturing any of the Protected

10  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

11  submit a written certification to the Producing Party (and, if not the same person or entity, to the

12  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

13  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

14  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

15  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

16  retain an archival copy of all pleadings, motions and trial briefs (including all supporting and

17  opposing papers and exhibits thereto), written discovery requests and responses (and exhibits

18  thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or

19  introduced into evidence at any hearing or trial, and their attorney work product which refers or is

20  related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY

21  information for archival purposes only. Any such archival copies that contain or constitute

22  Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

23      16. <u>INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION</u> The

24  United States District Court for the Northern District of California is responsible for the

25  interpretation and enforcement of this Order. After final disposition of this litigation, the

26  provisions of this Order shall continue to be binding except with respect to that Disclosure or

27  Discovery Material that become a matter of public record. This Court retains and shall have

28

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

1  continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement

2  of the provision of this Order following final disposition of this litigation. All disputes concerning

3  Protected Material produced under the protection of this Order shall be resolved by the United

4  States District Court for the Northern District of California.

5       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG

1      Filer's Attestation: Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that

2  concurrence in the filing of the document has been obtained from each of its signatories.

3

4  Dated:    January 21, 2019                    Dated:    January 21, 2019

5

6  By: _/s/ Hao Ni_____              By: /s/ Melody Drummond Hansen__
   Hao Ni                                  Melody Drummond Hansen

7  M. ELIZABETH DAY (SBN 177125)           DARIN W. SNYDER (S.B. #136003)
   eday@feinday.com                        dsnyder@omm.com
8  DAVID ALBERTI (SBN 220265)              LUANN L. SIMMONS (S.B. #203526)
   dalberti@feinday.com                    lsimmons@omm.com
9  MARC BELLOLI (SBN 244290)               DAVID ALMELING (S.B. #235449)
   mbelloli@feinday.com                    dalmeling@omm.com
10 FEINBERG DAY ALBERTI LIM &              MELODY DRUMMOND HANSEN (S.B.
   BELLOLI LLP                             #278786)
11 1600 El Camino Real, Suite 280          mdrummondhansen@omm.com
   Menlo Park, CA 94025                    MARK LIANG (S.B. #278487)
12 Tel: 650.618.4360                       mliang@omm.com
   Fax: 650.618.4368                       BILL TRAC (S.B. #281437)
13                                         btrac@omm.com
   Hao Ni (pro hac vice)                   O'MELVENY & MYERS LLP
14 hni@nilawfirm.com                       Two Embarcadero Center, 28th Floor
   NI, WANG & MASSAND, PLLC                San Francisco, California  94111-3823
15 8140 Walnut Hill Lane, Suite 500        Tel: (415) 984-8700  Fax: (415) 984-8701
   Dallas, TX 75231
16 Telephone: (972) 331-4600               Attorneys for Defendant
   Facsimile: (972) 314-0900               GOOGLE LLC
17

18 Attorneys for Plaintiff
   HYPERMEDIA NAVIGATION LLC
19

20

21

22      **IT IS ORDERED** that the foregoing Agreement is approved.

23

24 Dated: _____    _____

25                                  United States District Judge
                                    Haywood S. Gilliam, Jr.
26

27

28

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare

5

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

6

Order that was issued by the United States District Court for the Northern District of California in

7

the case of Hypermedia Navigation LLC v. Google LLC, 3:18-cv-6137-HSG. I agree to comply

8

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

9

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10

of contempt. I solemnly promise that I will not disclose in any manner any information or item

11

that is subject to this Stipulated Protective Order to any person or entity except in strict

12

compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

17

Date: _____

18

City and State where sworn and signed: _____

19

20

Printed name: _____

21

22

Signature: _____

23

24

25

26

27

28

STIP. PROTECT. ORD. FOR LITIGATION
INVOLVING PATENTS, CONF. INFO.
NO. 4:18-CV-06137-HSG