| | |
|---|---|
| M. ELIZABETH DAY (SBN 177125)<br>eday@feinday.com<br>DAVID ALBERTI (SBN 220265)<br>dalberti@feinday.com<br>MARC BELLOLI (SBN 244290)<br>mbelloli@feinday.com<br>FEINBERG DAY ALBERTI LIM &<br>BELLOLI LLP<br>1600 El Camino Real, Suite 280<br>Menlo Park, CA 94025<br>Tel: 650.618.4360<br>Fax: 650.618.4368<br><br>Hao Ni (pro hac vice)<br>*hni@nilawfirm.com*<br>NI, WANG & MASSAND, PLLC<br>8140 Walnut Hill Lane, Suite 500<br>Dallas, TX 75231<br>Telephone: (972) 331-4600<br>Facsimile: (972) 314-0900<br><br>Attorneys for Plaintiff<br>HYPERMEDIA NAVIGATION LLC | DARIN W. SNYDER (S.B. #136003)<br>dsnyder@omm.com<br>LUANN L. SIMMONS (S.B. #203526)<br>lsimmons@omm.com<br>DAVID ALMELING (S.B. #235449)<br>dalmeling@omm.com<br>MELODY DRUMMOND HANSEN (S.B.<br>#278786)<br>mdrummondhansen@omm.com<br>MARK LIANG (S.B. #278487)<br>mliang@omm.com<br>BILL TRAC (S.B. #281437)<br>btrac@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, California 94111-3823<br>Tel: (415) 984-8700 Fax: (415) 984-8701<br><br>Attorneys for Defendant<br>GOOGLE LLC |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| HYPERMEDIA NAVIGATION LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Case No. 4:18-cv-06137-HSG<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

a) The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

b) Google appoints Melody Drummond Hansen, as its e-discovery liaison.

c) Plaintiff appoints Hao Ni, as its e-discovery liaison.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) With respect to Google, ESI created or received between October 5, 2018 (the filing date of the Original Complaint) and 60 days after the conclusion of this case, including all appeals, will be preserved;

b) With respect to Plaintiff, ESI created or received between September 26, 2016

(the formation date of Hypermedia Navigation LLC ) and 60 days after the conclusion of this case, including all appeals, will be preserved;

  c) The parties have discussed the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

  d) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

  e) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

1. backup systems and/or tapes used for disaster recovery; and
2. systems no longer in use that cannot be accessed.

  f) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following:

1. voicemail messages
2. information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;
3. instant messaging;
4. automatically saved versions of documents and emails;
5. video and audio recordings;
6. deleted, slack, fragmented, or other data accessible only by forensics;
7. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;
8. on-line access data such as temporary internet files, history, cache, cookies, and the like;
9. dynamic fields of databases or log files that are not retained in the usual course of business; and

[STIP.] ORD. RE: DISCOVERY OF ELECTRONICALLY STORED INFO.
NO. 4:18-CV-06137-HSG

10. data in metadata fields that are frequently updated automatically, such as last opened dates.

**5. SEARCH**

a) The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b) Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of system file types based on file extension may include, but are not limited to: WINNT, LOGS, DRVS, MP3, MP4, AVI, WAV, C++ Program File (c), C++ Builder 6 (cpp), Channel Definition Format (cdf), Creatures Object Sources (cos), Dictionary file (dic), Executable (exe), Hypertext Cascading Style Sheet (css), JavaScript Source Code (js), Label Pro Data File (IPD), Office Data File (NICK), Office Profile Settings (ops), Outlook Rules Wizard File (rwz), Scrap Object, System File (dll), Temporary File (tmp), Windows Error Dump (dmp), Windows Media Player Skin Package (wmz), Windows NT/2000 Event View Log file (evt), Python Script files (.py, .pyc, .pud, .pyw), or Program Installers.

c) Each party is required to produce only a single copy of a responsive document and each party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. For emails with attachments, the hash value is generated based on the parent/child document grouping. A party may also de-duplicate "near-duplicate" email threads as follows: In an email thread, only the final-in-time document need be produced, assuming that all previous emails in the thread are contained within the final message. Where a prior email contains an attachment, that email and attachment shall not be removed as a "near-

duplicate." To the extent that de-duplication through MD5 or SHA`-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed method of de-deduplication.

    d)    No provision of this Order affects any inspection of source code that is responsive to a discovery request and will be made available consistent with the protective order governing this case.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in the formats described in Appendix 1 to this Order. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

    a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. Information that contains privileged matter or attorney work product shall be returned immediately if such information appears on its face to have been inadvertently produced or if requested.

    b)    Communications involving trial counsel that post-date the filing of the complaint

need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

      c)      Activities undertaken in compliance with the duty to preserve information are protected from discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

      d)      Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Stipulated Order will supercede the previous Stipulated Order.

**IT IS SO STIPULATED**, through Counsel of Record.

Filer's Attestation: Pursuant to Civil L.R. 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of its signatories.

Dated: January 21, 2019

By: */s/ Hao Ni*
Hao Ni

M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
FEINBERG DAY ALBERTI LIM & BELLOLI LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel: 650.618.4360
Fax: 650.618.4368

Hao Ni (pro hac vice)
*hni@nilawfirm.com*
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

Attorneys for Plaintiff
HYPERMEDIA NAVIGATION LLC

Dated: January 21, 2019

By: */s/ Melody Drummond Hansen*
Melody Drummond Hansen

DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
DAVID ALMELING (S.B. #235449)
dalmeling@omm.com
MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
MARK LIANG (S.B. #278487)
mliang@omm.com
BILL TRAC (S.B. #281437)
btrac@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Tel: (415) 984-8700  Fax: (415) 984-8701

Attorneys for Defendant
GOOGLE LLC

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: 1/22/2019

United States District Judge
Haywood S. Gilliam, Jr.

#

- 7 -

[STIP.] ORD. RE: DISCOVERY OF
ELECTRONICALLY STORED INFO.
NO. 4:18-CV-06137-HSG

# APPENDIX 1
# PRODUCTION FORMAT AND METADATA

1. **Production Components.** Productions shall include, PDFs with OCR recognition, or single page TIFFs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

3. **Metadata Fields and Metadata File.** Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN. The metadata file shall be delimited according to the following characters:
    - Delimiter = ¶ (ASCII:020)
    - Text-Qualifier = þ (ASCII:254)
    - New Line = ® (ASCII:174)

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |

| CC | All recipients that were included on the "CC" line of the email |
| --- | --- |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) (Edoc or attachment) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc or attachment) |
| NATIVELINK | Native File Link (Native Files only) |

4. **TIFFs.** Documents that exist only in hard copy format shall be scanned and produced as TIFFs. Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs. Unless excepted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for all documents. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). TIFFs shall show all text and images that would be visible to a user of the hard copy documents.

5. **Text Files.** A single multi-page text file shall be provided for each document, and the filename should match its respective TIFF filename. A commercially acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents. When possible, the text of native files should be extracted directly from the native file. Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents.

6. **Image Load Files / Data Load Files.** Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production. The total number of documents in a production should match the total number of records in the data load file.

7. **Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

8. **Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

9. **Redaction Of Information.** If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

10. **NATIVE FILE PRODUCTIONS.** Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format. TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Appendix 1. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

11. **Proprietary Files.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The parties shall meet and confer to finalize the appropriate production format.

12. **Production Media.** Documents shall be produced on external hard drives, readily accessible computer(s) or other electronic media ("Production Media"). Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002"). Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.