UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERMEDIA NAVIGATION LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 18-cv-06137-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS FOR INDUCED AND WILLFUL INFRINGMENT**<br><br>Re: Dkt. No. 30 |

On October 5, 2018, Plaintiff Hypermedia Navigation LLC ("Hypermedia") filed this patent infringement action against Defendant Google LLC ("Google"). Dkt. No. 1. On December 9, 2018, Hypermedia filed an amended complaint, which alleges infringement of eleven patents: Patent Nos. 7,383,323 ("the '323 Patent"), 7,383,324 ("the '324 Patent"), 7,424,523 ("the '523 Patent"), 7,478,144 ("the '144 Patent"), 7,769,830 ("the '830 Patent"), 8,250,173 ("the '173 Patent"), 9,083,672 ("the '672 Patent"), 9,772,814 ("the '814 Patent"), 9,864,575 ("the '575 Patent"), 6,779,026 ("the '026 Patent"), and 9,990,174 ("the '174 Patent") (collectively, "the Asserted Patents"). Dkt. No. 16 ("FAC"). The amended complaint further alleges induced infringement of eight of the Asserted Patents and willful infringement of seven of the Asserted Patents. *Id.* ¶¶ 219–33.

Now pending before the Court is Google's motion to dismiss Hypermedia's claims for induced and willful infringement, briefing for which is complete. Dkt. Nos. 30 ("Mot"), 43 ("Opp."), 44 ("Reply"). Having carefully considered the parties' arguments, the Court **GRANTS** Google's motion.[1]

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations and quotation marks omitted).

## II.  DISCUSSION

Aside from claims for patent infringement, Hypermedia alleges that Google induced infringement of eight of the Asserted Patents and willfully infringed seven of the Asserted Patents. FAC ¶¶ 219–33. For both the induced and willful infringement claims, Hypermedia relies on a

pre-lawsuit letter it sent Google in August 2017 ("the 2017 Letter"). *See* FAC ¶¶ 24–27, 220, 231; Dkt. No. 30-2.[2] This letter purported to be "regarding licensing of [Hypermedia's] intellectual property." Dkt. No. 30-2 at 1. The letter stated that "Hypermedia believ[ed] that a non-litigation business discussion between its in-house licensing manager and Google may be possible," and included (1) a list of Hypermedia's patent portfolio; (2) three figures from the '672 Patent; and (3) a chart detailing which Google products "provide[] this technology," as to some of Hypermedia's patents. *Id.* at 2.

### A. Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability under Section 271(b) "only attach[es] if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'" *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). To plead the requisite specific intent to support an induced infringement claim, plaintiffs need not cite specific instructions by a defendant to others instructing them how to perform every step of a patented method. *See CAP Co. v. McAfee, Inc.*, Nos. 14-cv-05068-JD, 14-cv-05091-JD, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015). Courts instead have found it sufficient "to cite examples where the accused infringer advertised benefits that can be achieved only through use of the asserted patent." *Id.* But where a plaintiff merely "makes passing references to user manuals guides, and support articles, without ever saying what those materials contain," that "is wholly inadequate for an inference of specific intent." *Id.* (internal quotations omitted).

The amended complaint alleges induced infringement of the '323 Patent, the '324 Patent, the '523 Patent, the '144 Patent, the '830 Patent, the '173 Patent, the '672 Patent, and the '814 Patent. *Id.* ¶¶ 219–28. It alleges that Google "had knowledge" of these patents at least as of the

---

[2] The Court finds that it may incorporate the 2017 Letter into the complaint by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (explaining that under the incorporation-by-reference doctrine, a court may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached [to] the [plaintiff's] pleading" (citation omitted)).

3

1  2017 Letter, which Hypermedia contends provided Google "notice of all of the issued and pending
2  Asserted Patents as of that date," and "detailed that YouTube, Google Play Music, Google Video,
3  Google Play Movies, and Android TV" infringed one or more of those patents. *Id.* ¶¶ 24, 220. By
4  offering these products "to end users wherein the [products] infringe upon ordinary use by an end
5  user," Hypermedia alleges that Google "specifically intended to induce infringement." *Id.* ¶ 221.
6  Hypermedia adds that Google provides end-users instructions and support on how to use these
7  products, which if followed would result in infringement. *Id.* ¶¶ 226–27.

Google moves to dismiss Hypermedia's induced infringement claim on two grounds: (1) Hypermedia fails to plead facts to support pre-suit knowledge of infringement; and (2) Hypermedia fails to plead specific intent to encourage others' infringement. Mot. at 10–12. As to specific intent, Google adds that Hypermedia at most only alleges that YouTube end users were induced to infringe, because the complaint only identifies online instructions regarding YouTube's operations which Hypermedia alleges led to infringement. *Id.*; *see also* FAC ¶¶ 226–27.

As to specific intent, Google argues that this case is similar to *CAP*, where the court found "passing references" to user guides and support articles "wholly inadequate" to support a reasonable inference of specific intent to survive dismissal. Mot. at 11–12 (quoting 2015 WL 3945875, at *5). Hypermedia responds that this case is unlike *CAP* because the complaint "points to specific support and guides from Google which instructs users how to activate the infringing feature of the accused product," and "points to specific guides that explain the infringing feature." Opp. at 7. Hypermedia argues that these "specific allegations are more than passing references," and are similar to allegations that survived dismissal in *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112 (N.D. Cal. 2018). Opp. at 7.

The Court finds Hypermedia's reliance on *Software Research* unavailing. The complaint there detailed *how* an end user following the defendant's publicly available "step-by-step instructions" led to infringement:

> For instance, for the claim limitation "selecting a validation test to be performed; and performing the validation test using the test-enabled browser" under claim 17 of the '175 Patent, Dynatrace's materials recite step-by-step instructions, including specific steps as to how to "record [a user's] transaction" with a webpage, steps following that

4

> which include "play[ing] back the transaction", including "1. On the action's detail page, click Add Custom Validation to display the validation fields[;] 2. Select the validation type from the Criteria list [sic][;] 3. Type the validation string in the specify text field[;] 4. If you selected to [m]atch against an element, click Add Locator to define the element locators. Select whether the locator is CSS, DOM or XPath type . . . ." Contrary to Dynatrace's arguments, there are detailed allegations as to how Dynatrace instructed its users, giving rise to a plausible inference that Dynatrace specifically intended others to infringe the patents-in-suit.

*Id.* at 1135 (internal citations omitted). Here, on the other hand, the complaint only states bald conclusions that an end user following YouTube instructions results in infringement. *See* FAC ¶¶ 226–27. In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint. Contrary to Hypermedia's objections, this is exactly the situation addressed in *CAP*, as Hypermedia only "makes passing references . . . without ever saying what those materials contain." 2015 WL 3945875, at * 5.

Because the Court finds that Hypermedia has failed to plead specific intent, it need not address whether the complaint adequately pleads pre-suit knowledge.

### B. Willful Infringement

Section 284 provides: "When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed." Section 284 "contains no explicit limit or condition" for awarding damages. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1931 (2016). District courts nevertheless refrain from awarding Section 284 damages in "typical infringement" cases. *See, e.g.*, *Fitness Anywhere LLC v. Woss Enters. LLC*, No. 14-cv-01725-BLF, 2018 WL 6069511 (N.D. Cal. Nov. 20, 2018). Such damages are "generally reserved for egregious cases of culpable behavior" involving conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932. "Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Halo*, 136 S. Ct. at 1932–33).

The amended complaint alleges willful infringement of the '323 Patent, the '324 Patent, the '523 Patent, the '144 Patent, the '830 Patent, the '173 Patent, and the '672 Patent. FAC

¶¶ 229–33. Hypermedia alleges that after Google received the 2017 Letter, it "did not investigate" the Asserted Patents' scope to "form a good-faith belief that they were invalid or not infringed." *Id.* ¶ 27. Thus, according to Hypermedia, Google's "continued infringement amount[ed] to egregious conduct giving rise to willfulness." *Id.*

Google moves to dismiss Hypermedia's willful infringement claim on two grounds: (1) Hypermedia fails to plead facts to support pre-suit knowledge of infringement; and (2) Hypermedia fails to plead "egregious" conduct. Mot. at 6–10. As to the alleged "egregious" conduct, Google argues that this case is similar to *Finjan, Inc. v. Cisco Systems Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017), where the court held that conclusory assertions of knowledge and infringement are not enough to survive dismissal. Mot. at 9. Hypermedia counters that *Finjan* is distinguishable, because the plaintiff there failed to notify the defendant of the specific patents-in-suit. Opp. at 4. Here, on the other hand, Hypermedia contends that its 2017 Letter provided a chart of which Google products infringed which Hypermedia patents. *Id.*

The Court finds that the complaint fails to plead egregious conduct. The complaint, at most, alleges that Google failed to properly investigate whether its products infringed Hypermedia's patents. But even if the 2017 Letter demonstrated pre-suit knowledge—which the Court does not conclude here—it is too far a stretch to convert the 2017 Letter into a basis for willful infringement. Nothing in the complaint provides specific factual allegations about Google's subjective intent or details about the nature of Google's conduct to render a claim of willfulness plausible, and not merely possible. *See Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017) ("Defendant's ongoing [operations], on their own, are equally consistent with a defendant who subjectively believes the plaintiff's patent infringement action has no merit."). And Plaintiff cites no case for the broad proposition that a defendant who receives a letter asking if they are "interested in [a] non-litigation business discussion," must cease operations immediately to avoid a willful infringement claim. *Cf. Halo*, 136 S. Ct. at 1936 ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew

about the patent *and nothing more*.") (Breyer, J., concurring).

Because the Court finds that Hypermedia has failed to plead egregious conduct, it need not address whether the complaint adequately pleads pre-suit knowledge.

## III. CONCLUSION

The Court **GRANTS WITH LEAVE TO AMEND** Google's motion to dismiss the complaint's claims for induced and willful infringement. Any further amended complaint must be filed within 28 days of the date of this order.

**IT IS SO ORDERED.**

Dated: 4/2/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge